FILED

SEP 28 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-406 (JMF) |
| v. | : | PLEA HEARING: SEPTEMBER 28, 2006 |
| ORLANDO HALE | : | |

### GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case that is currently set for September 28, 2006, at 1:45 p.m..

I.   ELEMENTS OF THE OFFENSE:

   A.   The essential elements of the misdemeanor offense of a Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242 are:

   1.   The defendant acted under color of law;

   2.   The defendant acted willfully;

   3.   The defendant deprived the victim of a right secured or protected by the Constitution or laws of the United States.

II.   COPY OF THE PLEA AGREEMENT:

A copy of the plea agreement, executed by the defendant, is attached. The original copy will be provided at the time of the guilty plea.

III.   PENALTIES:

   A.   A misdemeanor violation of 18 United States Code § 242, carries a maximum sentence of one year in jail, a maximum fine of $100,000 pursuant to 18 U.S.C. § 3571(b)(5), a $25 special assessment pursuant to 18 U.S.C. § 3013(a)(1)(A)(iii),

a one year term of supervised release pursuant to 18 U.S.C. § 3583(b)(3), and an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

IV.   **FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA**:

If this case were to go to trial, the government's evidence would establish the following beyond a reasonable doubt that:

1. In November of 2005, the defendant, Orlando Hale, was employed as a sworn law enforcement officer with the District of Columbia's Metropolitan Police Department. At that time, Officer Hale had been employed by the Metropolitan Police Department for more than sixteen years. On November 24, 2005, at approximately 2:30 a.m., a police dispatcher notified officers that there was a man threatening a woman with a gun inside of an apartment building located at 2715 Robinson Place, S.E., Washington, D.C. Officer Hale was on duty that morning, and he responded to the call. Officer Hale was driving a marked police cruiser, and was in uniform.

2. Officer Hale and other uniformed officers arrived at the apartment building, where they encountered the suspected gunman, Robert Colbert. Another officer handcuffed Mr. Colbert while Officer Hale and other officers investigated the allegation that Mr. Colbert had threatened his girlfriend with a handgun. The officers proceeded to search Mr. Colbert's apartment for the handgun. During this time, Mr. Colbert remained handcuffed, and was ultimately seated on the living room floor of the apartment. Ofc. Hale asked Mr. Colbert where the gun was several times, and Mr. Colbert led the officers to a cigarette lighter that was shaped like a gun.

2

3. Officer Hale did not believe that this was the weapon that was used in the assault, and he and the other officers continued to look for a handgun inside of the apartment. Mr. Colbert remained seated on the floor with his hands handcuffed behind his back. Mr. Colbert was compliant and did not pose any threat to the officers who were on the scene. An officer who was assisting Ofc. Hale then found a loaded Talon 9mm handgun inside one of the apartment's bedrooms, and announced what he had found to his fellow officers, including Officer Hale. Officer Hale then walked over to Mr. Colbert, stood over him, and stated "why did you lie to me," or words to that effect. Ofc. Hale claims that the defendant then swore at him, however, the government's investigation does not corroborate that claim. Ofc. Hale then made a fist with his right hand, and struck Mr. Colbert in the facial area with his fist approximately 2-3 times. The assault lasted a few seconds, and Officer Hale voluntarily ended his assault of Mr. Colbert.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
Bar No. 451058

By: _____
John Cummings
Assistant United States Attorney
Federal Major Crimes Section, Maryland Bar
555 4th Street, N.W. #4844
Washington, DC 20001
Phone: 514-7561

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served by facsimile and mail upon the attorney for the defendant, Harold Martin, Esq, this 25th day of September, 2006.

_____
John Cummings, AUSA

3

# ATTACHMENT



U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

September 1, 2006

Harold Martin, Esq.
Robert Ades and Associates, P.C.
11th Floor
1140 Connecticut Avenue, N.W.
Washington, D.C. 20036

        Re: United States v. **Orlando Hale**
            Case No. _____

Dear Mr. Martin:

      This letter sets forth the full and complete plea offer to your client, **Orlando Hale**, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on September 15, 2006. If your client accepts the terms and conditions of this offer, please have him execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

### Charges and Statutory Penalties

      1. Your client agrees to plead guilty to one misdemeanor count of depriving an inhabitant of his civil rights, while acting under color of law, in violation of 18 U.S.C. § 242, as set forth in the attached criminal Information.

      2. Your client understands that a misdemeanor conviction under 18 U.S.C. § 242 carries a maximum sentence of one year in jail, a maximum fine of $100,000 pursuant to 18 U.S.C. § 3571(b)(5), a $25 special assessment pursuant to 18 U.S.C. § 3013(a)(1)(A)(iii), a one year term of supervised release pursuant to 18 U.S.C. § 3583(b)(3), an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. The government will also agree not to seek charges for Obstruction of Justice pursuant to D.C. Code § 22-722(a)(6) (2001 ed.). This charge would be based on the false statement that your client provided to his superior following this incident.

### Resignation From the District of Columbia Metropolitan Police Department

3. Your client further agrees that he will: a) within seven (7) days of entering his guilty plea before the Court, tender his written resignation to the District of Columbia Metropolitan Police Department; (b) provide the government with documentation evidencing his resignation from the Metropolitan Police Department before sentencing in this matter; and (c) agree to have a copy of this plea agreement and the "Statement of the Offense" placed in any official personnel file that is maintained by the Metropolitan Police Department, and/or the government of the District of Columbia that pertains to him.

### Factual Stipulations

4. Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Sentencing Guidelines Stipulations

5. Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual 2005 (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

### Offense Level under the Guidelines

6. The agreed upon offense level for your client is 18. This includes a 10 base offense level pursuant to U.S.S.G. § 2H1.1(a)(3)(A); a 6 level increase pursuant to U.S.S.G. § 2H1.1(b)(1)(B) for the specific offense characteristic of acting under color of state law; and an additional 2 levels pursuant to U.S.S.G. § 3A1.3 as a victim related adjustment because the victim was restrained with handcuffs at the time your client assaulted him.

### Acceptance of Responsibility: 3-point reduction

7. Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

### Agreement as to Sentencing Allocution

8. The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range and suggest that the Court consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

9. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea once it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

### Court Not Bound by the Plea Agreement

10. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

11. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### Restitution

12. In addition to the other penalties provided by law, because your client is pleading guilty to a crime of violence as defined in 18 U.S.C. § 16(a), the Court must also order that your client make restitution under 18 U.S.C. § 3663A. Restitution is payable immediately unless ordered otherwise by the Court.

### Appeal Waiver

13. Your client is aware that federal law, specifically 18 U.S.C. §3742, affords your client the right to appeal the sentence in this sentence. Your client is aware that the Government's factual stipulations and predictions about the calculation of the sentencing guidelines are not binding on the sentencing judge. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. §3742, except to the extent that (a) the Court sentences your client to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §5K.2 or based on a consideration of the sentencing factors set forth in 18 U.S.C. §3553(a). Further, your client reserves the right to make a collateral attack upon your client's sentence pursuant to 28 U.S.C. §2255, if new and currently unavailable information becomes known to him. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

### Release/Detention

14. Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

### Breach of Agreement

15. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

16. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

17. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

18. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

19. It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

20. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

21. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

22. Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it

bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
BAR NO. 451-058

By: _____
John Cummings
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Harold Martin, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 9-19-06

Orlando Hale
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 9-20-06

Harold Martin, Esquire
Attorney for the Defendant