UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 06-406 (JMF) |
| | : | |
| v. | : | SENTENCING: DECEMBER 11, 2006 |
| | : | |
| **ORLANDO HALE** | : | |

GOVERNMENT'S REPLY TO DEFENDANT
HALE'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby files its response to Defendant Hale's Memorandum in Aid of Sentencing. The government regrets the late filing of this pleading, however, the undersigned Assistant United States Attorney did not receive the defendant's pleading until the morning of December 11, 2006. Before the undersigned could consent to the defendant's request for a downward departure pursuant to U.S.S.G. §5K2.20, that request had to be submitted to this office's Departure Committee. The Departure Committee was advised of the defendant's request yesterday morning, and rendered their decision this morning.

At this time, the government does not oppose a downward departure pursuant to U.S.S.G. §5K2.20 for the reasons outlined in the defendant's Memorandum in Aid of Sentencing. While the Government does not oppose a downward departure, the government believes that some period of incarceration is appropriate in this case. The defendant in this case has already received a substantial benefit in this case by pleading guilty to a misdemeanor violation of 18 U.S.C. §242 with a one-year maximum sentence instead of facing a felony 18 U.S.C. §242 conviction which carries a maximum sentence of ten years of incarceration. This plea has also reduced the defendant's applicable guideline range from 18-24 months, to 12 months.

In addition, it is important to send a message to other law enforcement officers in the District of Columbia that the type of assaultive behavior that the defendant engaged in carries with it severe consequences. Contact with law enforcement officers is often the first step for many defendants in the criminal justice system. When this initial contact is marred by the use of excessive force, confidence in the criminal justice system as a whole suffers. Further, the use of excessive force increases the likelihood that future defendants will be inclined to flee from, or fight with, law enforcement officers who they fear will engage in this same type of assaultive behavior. Such an environment poses grave risks for both law enforcement officers and defendants.

Finally, the government seeks to clarify two factual issues set forth in the Defendant's Memorandum in Aid of Sentencing. First, the government does not have any information to corroborate the defendant's claim that he apologized to the complainant after the assault occurred. Second, it is the government's understanding that the defendant will not be required to forfeit his entire pension. Rather, the Metropolitan Police Department has initiated adverse disciplinary action against the defendant. As part of that process, they may fine the defendant up to $5,000 of his pension.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

By:     /s/
John Cummings
Assistant United States Attorney
Federal Major Crimes Section, Maryland Bar
555 4th Street, N.W.  #4838
Washington, D.C. 20001
Phone: 514-7561